**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter     11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Pipeline Health System, LLC** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years** |
| | Include any assumed names, trade names, and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) |

**83-2843667**

4.  **Debtor's address**

**Principal place of business**

898 N. Pacific Coast Highway
Number          Street

Suite 700

El Segundo          California          90245
City                State          Zip Code

Los Angeles
County

**Mailing address, if different from principal place of business**

Number          Street

City                State          Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                State          Zip Code

5.  **Debtor's website** (URL)     **https://www.pipelinehealth.us/**

6.  **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Pipeline Health System, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**6221**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.    *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C.§ 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|
| | District | When | | Case number | |
| | | | MM/DD/YYYY | | |

Debtor      Pipeline Health System, LLC        Case number *(if known)* _____
Name

---

| | | | |
|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor    **See Rider 1** | Relationship    **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District    **Southern District of Texas** | When    **10/02/2022**<br>MM / DD / YYYY |
| | | Case number, if known    _____ | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other _____

**Where is the property?**    _____
     Number      Street

     _____
     City      State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____
       Contact name    _____
       Phone        _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

Debtor ___Pipeline Health System, LLC___  Case number *(if known)* _____
     Name

| | | | | | | |
|---|---|---|---|---|---|---|
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| | ☐ | 50-99 | ☐ | 5,001-10,000 | ☒ | 50,001-100,000 |
| | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | ☐ | 200-999 | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | | |
|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___10/02/2022___
             MM/ DD / YYYY

✗   ___/s/ Andrei Soran___          ___Andrei Soran___
    Signature of authorized representative of debtor    Printed name

Title ___Authorized Signatory___

**18. Signature of attorney**

✗   ___/s/ Matthew D. Cavenaugh___          Date ___10/02/2022___
    Signature of attorney for debtor               MM/DD/YYYY

___Matthew D. Cavenaugh___
Printed name

___Jackson Walker LLP___
Firm name

___1401 McKinney Street___
Number          Street

___Houston___                    ___Texas___      ___77010___
City                             State       ZIP Code

___(713) 752-4200___              ___mcavenaugh@jw.com___
Contact phone                     Email address

___24062656___          ___Texas___
Bar number              State

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____  Chapter ___11___

,

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Pipeline Health System, LLC.

| | |
| --- | --- |
| Avanti Healthcare Holdings, LLC | HealthPlus+ Holdings, LLC |
| Avanti Hospital Holdings I, LLC | Pipeline – Lakefront Medical Associates, LLC |
| Avanti Hospitals, LLC | Pipeline – Weiss Medical Specialists, LLC |
| CHHP Holdings II, LLC | Pipeline – Weiss Memorial Hospital, LLC |
| CHHP Management, LLC | Pipeline – West Suburban Medical Center, LLC |
| CHHP MOB Property Holdings, LLC | Pipeline Graduate Education Foundation |
| CHHP Hospital Property Holdings, LLC | Pipeline East Dallas, LLC |
| City Hospital Physician Group, Inc. | Pipeline Health System Holdings, LLC |
| CPH Hospital Management, LLC | Pipeline Health System, LLC |
| CPH MOB Property Holdings, LLC | Pipeline Midwest Pharmacies, LLC |
| CPH Hospital Property Holdings, LLC | River Forest Property Holdings, LLC |
| ELADH Management, L.L.C. | SRC Hospital Investments I, LLC |
| ELADH Hospital Property Holdings, LLC | SRC Hospital Investments II, LLC |
| ELADH, L.P. | Weiss MOB Property Holdings, LLC |
| Gardena Hospital Management, L.L.C. | Weiss Property Holdings, LLC |
| Gardena Hospital Property Holdings, LLC | West Suburban Property Holdings, LLC |
| Gardena Hospital, L.P. | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PIPELINE HEALTH SYSTEM, LLC, | ) Case No. 22-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Deerfield PH Holdings IV, L.P. | 780 Third Avenue<br>New York, New York 10017 | 36.20% |
| DFP Opco LLC | 520 Madison Avenue<br>New York, New York 10022 | 34.40% |
| Pipeline Hospital Holdings, LLC | 898 Pacific Coast Highway, Suite 500<br>El Segundo, California 90245 | 29.40% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | )<br>)  Chapter 11 |
| PIPELINE HEALTH SYSTEM, LLC, | )<br>)  Case No. 22-_____(____)<br>) |
| Debtor. | )<br>) |

**CORPORATE OWNERSHIP STATEMENT**

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| Deerfield PH Holdings IV, L.P. | 36.20% |
| DFP Opco LLC | 34.40% |
| Pipeline Hospital Holdings, LLC | 29.40% |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Pipeline Health System, LLC |
| United States Bankruptcy Court for the:        Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | SHIFTWISE INC 12400 HIGH BLUFF DRIVE., SUITE 100 SAN DIEGO, CA  92130 | CONTACT: STEVEN RODRIGUEZ, PRESIDENT PHONE: (866) 399-2220 PRIVACY@AMNHEALTHCARE.COM | STAFFING AGENCY | | | | $13,052,927.45 |
| 2 | THE CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) 7500 SECURITY BOULEVARD BALTIMORE, MD  21244 | CONTACT: KAREN JACKSON, DEPUTY COO PHONE: (410) 786-3000 KAREN.JACKSON1@CMS.HHS.GOV | GOVERNMENTAL PROGRAMS | | | | $11,046,949.38 |
| 3 | CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES P.O. BOX 997413, MS 0000 SACRAMENTO, CA  95899-7413 | CONTACT: MICHELLE BAASS, DIRECTOR PHONE: (888) 452-8609 MMCDOMBUDSMANOFFICE@DHCS.CA.GOV | GOVERNMENTAL PROGRAMS | | | | $11,000,000.00 |
| 4 | MEDLINE INDUSTRIES INC THREE LAKES DRIVE NORTHFIELD, IL  60093 | CONTACT: KRISTI KRASOVETZ, DIRECTOR PHONE: (773) 251-4762 KKRASOVETZ@MEDLINE.COM | TRADE | | | | $6,003,898.60 |
| 5 | ILLINOIS DEPARTMENT OF REVENUE PO BOX 19035 SPRINGFIELD, IL  62794-9035 | CONTACT: DAVID HARRIS, DIRECTOR PHONE: (800) 732-8866 REV.TA-BIT-WIT@ILLINOIS.GOV | TAXES | | | | $4,459,039.01 |
| 6 | CERNER CORPORATION 2800 ROCKCREEK PARKWAY KANSAS CITY, MO  64117 | CONTACT: SAFRA A CATZ, CEO PHONE: (650) 506-7000 | TRADE | | | | $4,199,682.18 |

Debtor: Pipeline Health System, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7   AMP STAFFING NETWORK<br>17150 NORWALK BLVD., UNIT 101<br>CERRITOS, CA  90703 | CONTACT: LEE NATIVIDAD, PRINCIPAL<br>PHONE: (562) 865-3807<br>INFO@CALLAMP.COM | STAFFING AGENCY | | | | $2,053,250.00 |
| 8   FASTAFF, LLC<br>5700 SOUTH QUEBEC STREET, SUITE 300<br>GREENWOOD VILLAGE, CO  80111 | CONTACT: BART VALDEZ, PRESIDENT AND CEO<br>PHONE: (800) 736-8773<br>MEDIARELATIONS@INGENOVISHEALTH.COM | STAFFING AGENCY | | | | $1,845,538.04 |
| 9   STRYKER CORP<br>2825 AIRVIEW BOULEVARD<br>KALAMAZOO, MI  49002 | CONTACT: KEVIN A LOBO, PRESIDENT & CEO<br>PHONE: (269) 385-2600 | TRADE | | | | $1,735,024.70 |
| 10   ZIMMER US, INC.<br>1800 W CENTER ST<br>WARSAW, IN  46580 | CONTACT: JEFFERY MCCAULLEY, PRESIDENT<br>PHONE: (800) 613-6131<br>CONTACUS@ZIMMERBIOMET.COM | TRADE | | | | $1,636,553.23 |
| 11   AGILITI, INC.<br>11095 VIKING DRIVE, SUITE 300<br>EDEN PRAIRIE, MN  55344 | CONTACT: TOM LEONARD, CEO<br>PHONE: (952) 893-3200<br>MEDIA@AGILITIHEALTH.COM | TRADE | | | | $1,633,903.81 |
| 12   THE ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES<br>401 SOUTH CLINTON<br>CHICAGO, IL  60607 | CONTACT: GRACE B HOU, SECRETARY<br>PHONE: (312) 793-1547 | TAXES | | | | $1,532,524.00 |
| 13   ROYAL WEST DEVELOPMENT<br>500 S. SEPULVEDA BLVD  304<br>MANHATTAN BEACH, CA  90266 | CONTACT: KIRK FELDKAMP, PRESIDENT<br>PHONE: (424) 275-5604 | TRADE | | | | $1,324,618.50 |
| 14   MEDTRONIC USA INC<br>4642 COLLECTION CENTER DR<br>CHICAGO, IL  60693 | CONTACT: GEOFFREY S MARTHA, CHAIRMAN & CEO<br>PHONE: (763) 514-4000 | TRADE | | | | $1,315,187.50 |
| 15   TENET HEALTHCARE CORP<br>14201 DALLAS PARKWAY<br>DALLAS, TX  75254 | CONTACT: RONALD A RITTENMEYER, EXECUTIVE CHAIRMAN<br>PHONE: (469) 893-2000<br>MEDIARELATIONS@TENETHEALTH.COM | TRADE | | | | $1,184,849.41 |
| 16   RENOVO SOLUTIONS, LLC<br>4 EXECUTIVE CIRCLE STE 185<br>IRVINE, CA  92614 | CONTACT: WILLIAM NEWELL, CEO<br>PHONE: (844) 473-6686<br>LRODRIGUEZ@RENOVO1.COM | TRADE | | | | $1,131,653.41 |
| 17   L.A. CARE HEALTH PLAN<br>1055 WEST 7TH STREET<br>LOS ANGELES, CA  90017 | CONTACT: JOHN BAACKES, CEO<br>PHONE: (888) 839-9909 | TRADE | | | | $974,382.32 |
| 18   SODEXO INC & AFFILIATES<br>4880 PAYSPHERE CIR<br>CHICAGO, IL  60674 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: (866) 372-3160 | TRADE | | | | $968,553.40 |
| 19   INTUITIVE SURGICAL INC<br>1020 KIFER ROAD, BUILDING 108<br>SUNNYVALE, CA  94086 | CONTACT: GARY S GUTHART, CEO & PRESIDENT<br>PHONE: (408) 523-2100 | TRADE | | | | $924,260.23 |

Debtor: Pipeline Health System, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 INFOR (US), INC 641 AVENUE OF THE AMERICAS NEW YORK, NY 10011 | CONTACT: KEVIN SAMUELSON, CEO PHONE: (646) 336-1700 CUSTOMEREXPERIENCETEAM@INFOR.COM | TRADE | | | | $910,132.00 |
| 21 COMPREHENSIVE PHARMACY SERVICES, INC. 655 METRO PL S, SUITE 450 DUBLIN, OH 43017 | CONTACT: FRANK SEGRAVE, CHAIRMAN & CEO PHONE: (800) 968-6962 | TRADE | | | | $872,562.74 |
| 22 URGENT NURSING RESOURCE, INC 14752 BEACH BLVD. S 114 LA MIRADA, CA 90638 | CONTACT: ROD SANTAINES, PRESIDENT PHONE: (714) 523-4178 INFO@URGENTNURSING.COM | STAFFING AGENCY | | | | $835,206.00 |
| 23 VALLEY MEDICAL STAFFING INC 1100 MORAGA WAY SUITE 108 MORAGA, CA 94556 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: (925) 297-6200 | STAFFING AGENCY | | | | $760,054.20 |
| 24 MELEEO LLC 17633 GUNN HWY SUITE 110 ODESSA, FL 33556 | CONTACT: JASON E CHIAPPETTA, PRESIDENT PHONE: (813) 333-0688 INFO@MELEEO.COM | TRADE | | | | $743,405.94 |
| 25 DEPUY SYNTHES 5972 COLLECTION CENTER DR CHICAGO, IL 60693 | CONTACT: DENNIS THOMPSON PHONE: (800) 255-2500 CUSTCREMGMT@HCSUS.JNJ.COM | TRADE | | | | $724,337.66 |
| 26 WAKEFIELD & ASSOCIATES, INC 7005 MIDDLEBROOKE PIKE KNOXVILLE, TN 37909 | CONTACT: MATT LAWS, CEO PHONE: (865) 971-1300 | TRADE | | | | $712,000.00 |
| 27 ABBOTT LABORATORIES 100 ABBOTT PARK ROAD ABBOTT PARK, IL 60064-6400 | CONTACT: ROBERT B FORD, CEO PHONE: (224) 667-6100 ROBERT.FORD@ABBOTT.COM | TRADE | | | | $708,988.22 |
| 28 ALLSCRIPTS HEALTHCARE SOLUTIONS INC 24630 NETWORK PLACE CHICAGO, IL 606731246 | CONTACT: RICK POULTON, CEO PHONE: (800) 334-8534 | TRADE | | | | $707,865.84 |
| 29 NORTHSTAR ANESTHESIA P.A. 6225 N STATE HWY 161, STE 200 IRVING, TX 75038 | CONTACT: ADAM SPIEGEL, CEO PHONE: (214) 687-0001 ADAM.SPIEGEL@NORTHSTARANESTHESIA.COM | TRADE | | | | $698,457.58 |
| 30 CALIFORNIA DEPARTMENT OF PUBLIC HEALTH PO BOX 997377, MS 0500 SACRAMENTO, CA 95899-7377 | CONTACT: TOMAS J ARAGON, DIRECTOR PHONE: (916) 558-1700 CDPH.INTERNETADMIN@CDPH.CA.GOV | TAXES | | | | $691,851.00 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Pipeline Health System, LLC |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 10/02/2022 | ☒ */s/ Andrei Soran* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Andrei Soran** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

### OMNIBUS WRITTEN CONSENT OF
### THE BOARD OF MANAGERS, THE MANAGING MEMBER,
### THE GENERAL PARTNER, THE MANAGER, AND THE MEMBER

Effective as of October 2, 2022

The undersigned, constituting all of the members of the board of managers, the managing member, the general partner, the manager, or the member (each a "<u>Governing Body</u>"), as applicable, of each entity listed in **Schedule I** hereto (each, a "<u>Company</u>"), hereby take the following actions and adopt the following resolutions pursuant to such Company's governing document(s) and the applicable law of such Company's jurisdiction of organization:

WHEREAS, each Company's Governing Body has duly considered certain materials presented by or on behalf of the Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including materials regarding the Company's liabilities, obligations, and liquidity; the strategic and financial alternatives available to the Company; and the impact of the foregoing on the Company's business and operations;

WHEREAS, each Company's Governing Body has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "<u>Bankruptcy Petition</u>") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>");

WHEREAS, each Company's Governing Body has had adequate opportunity to consult with Management and the Company's Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to the Company; and

WHEREAS, each Company's Governing Body has determined, in its business judgment, that the adoption of the following resolutions is advisable and in the best interests of each Company and its respective stakeholders and other parties in interest.

NOW, THEREFORE, BE IT:

**Filing Chapter 11 Cases and Related Relief**

RESOLVED, that in the business judgment of each Company's Governing Body, it is desirable and in the best interests of each Company and its respective stakeholders and other parties in interest for each Company to (1) file, or cause the filing of, a voluntary case under chapter 11 of the Bankruptcy Code (a "<u>Chapter 11 Case</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"); and (2) file, or cause the filing of, any other petition, motion, or other document for relief under applicable law as may be necessary or appropriate in connection with the Chapter 11 Cases; and

RESOLVED FURTHER, that each of the following is hereby authorized and approved in all respects: (1) each Company's filing, or causing to be filed, a Chapter 11 Case in the Bankruptcy Court; and (2) each Company's filing, or causing the filing of, any other petition, motion, or other

document for relief under applicable law as may be necessary or appropriate in connection with the Chapter 11 Cases; and

RESOLVED FURTHER, that each duly appointed officer, including, but not limited to, the Chief Executive Officer, the Chief Financial Officer, the Chief Transformation Officer, and the General Counsel, of each Company (collectively, the "Authorized Persons"), with power of delegation, is hereby authorized to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to commence the Chapter 11 Cases and to obtain such relief, including, but not limited to, any action necessary or appropriate to maintain such Company's ordinary course operations;

**Retention of Professionals**

RESOLVED, that each Authorized Person is hereby authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

RESOLVED, that each Authorized Person is hereby authorized and directed to employ the law firm of Jackson Walker LLP ("JW") as local bankruptcy counsel and conflicts counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of JW;

RESOLVED, that each Authorized Person is hereby authorized and directed to employ the firm Ankura Consulting Group, LLC ("Ankura") as restructuring advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ankura;

RESOLVED, that each Authorized Person is hereby authorized and directed to employ the firm Jefferies LLC ("Jefferies") as financial advisor and investment banker to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate

retainers, and to cause to be filed an appropriate application for authority to retain the services of Jefferies;

RESOLVED, that each Authorized Person is hereby authorized and directed to employ the firm of Epiq Corporate Restructuring, LLC ("Epiq") as claims and noticing agent to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Epiq;

RESOLVED, that each Authorized Person is hereby authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each Authorized Person is hereby authorized and empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, restructuring and financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Person deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection**

WHEREAS, reference is made to that certain amended and restated facility agreement, dated as of December 30, 2019, by and among certain Company entities, the lenders party thereto from time to time, and the agent thereunder (as amended, supplemented, or otherwise modified from time to time, the "Term Loan Credit Agreement");

WHEREAS, reference is made that certain credit and guaranty agreement, dated as of December 30, 2019, by and among certain Company entities, the lenders party thereto from time to time, and the agent thereunder (as amended, supplemented, or otherwise modified from time to time, the "ABL Credit Agreement," and together with the Term Loan Credit Agreement, the "Prepetition Financing Documents");

WHEREAS, each Company has negotiated (1) arrangements for postpetition financing under a multi-draw superpriority senior secured priming debtor in possession term loan facility, on substantially the terms and conditions provided to such Company's Governing Body (the "DIP Facility"); (2) documentation for the DIP Facility, including a credit agreement (collectively, the "DIP Documents"); and (3) arrangements for use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"); and

3

WHEREAS, the DIP Facility and the DIP Documents (each as defined herein) and any relief with respect to same shall be subject to the approval of the disinterested managers of the Governing Body of Pipeline Health System, LLC (the "Disinterested Managers").

NOW, THEREFORE, BE IT:

RESOLVED, that in the business judgment of each Company's Governing Body, such Company will benefit from using collateral, including Cash Collateral, that is security for the holders of Company obligations under the Prepetition Financing Documents (the "Prepetition Secured Parties"); and

RESOLVED FURTHER, that for each Company to use and benefit from using the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, certain of the Company entities will provide certain liens, claims, and other entitlements to the Prepetition Secured Parties (collectively, the "Adequate Protection Obligations"), as documented in a proposed interim order and a proposed final order (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval; and

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Documents, and the transactions contemplated thereby, and the DIP Orders to which each Company shall be subject, and the actions and transactions contemplated thereby, in each case, are hereby authorized and approved in all respects; and each Authorized Person is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Documents and each Company's respective obligations thereunder (collectively, the "DIP Obligations"), and to perform under the DIP Orders and cause the each Company's performance of its respective obligations thereunder; *provided*, *however*, that such authorization and approval is and shall be subject to the further approval of the Disinterested Managers; and

RESOLVED FURTHER, that each Company, as a debtor and debtor in possession under the Bankruptcy Code is hereby authorized to incur the Adequate Protection Obligations and the DIP Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations and the DIP Obligations; *provided*, *however*, that such authorization is and shall be subject to the further approval of the Disinterested Managers; and

RESOLVED FURTHER, that the Authorized Persons, acting alone or with one or more other Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name of, and on behalf of, each Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, appropriate, or proper to consummate and implement the transactions contemplated by the DIP Documents and the DIP Orders; *provided*, *however*, that such authorization, direction, and empowerment is and shall be subject to the further approval of the Disinterested Managers.

**Further Actions and Prior Actions**

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required the applicable Company's governing document(s) and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to matters addressed or contemplated by these resolutions, subject to any further approval of the Disinterested Managers as required by these resolutions;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing document(s) and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case, as such Authorized Person(s) may, in their discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that each Company's Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Company's governing document(s), or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Company's Governing Body.

*[Signature pages follow.]*

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

E-SIGNED by Adam Grossman
on 2022-09-30 19:01:16 GMT
_____
Adam Grossman


_____
Jigar Shah


_____
Nicholas Orzano


_____
Andrei Soran


_____
Mark Bell


_____
Jonathan Foster


_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Adam Grossman

E-SIGNED by Jigar Shah
on 2022-09-30 21:38:12 GMT
_____
Jigar Shah

_____
Nicholas Orzano

_____
Andrei Soran

_____
Mark Bell

_____
Jonathan Foster

_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Adam Grossman


_____
Jigar Shah

E-SIGNED by Nicholas Orzano
on 2022-10-02 15:46:26 GMT
_____
Nicholas Orzano


_____
Andrei Soran


_____
Mark Bell


_____
Jonathan Foster


_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Adam Grossman

_____
Jigar Shah

_____
Nicholas Orzano

_____
Andrei Soran

_____
Mark Bell

_____
Jonathan Foster

_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Adam Grossman

_____
Jigar Shah

_____
Nicholas Orzano

_____
Andrei Soran

E-SIGNED by Mark Bell
on 2022-10-01 12:16:05 GMT
_____
Mark Bell

_____
Jonathan Foster

_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

_____
Adam Grossman


_____
Jigar Shah


_____
Nicholas Orzano


_____
Andrei Soran


_____
Mark Bell

E-SIGNED by Jonathan Foster
on 2022-09-30 19:26:24 GMT
_____
Jonathan Foster


_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting all the members of the board of managers of Pipeline Health System, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

 

_____
Adam Grossman


_____
Jigar Shah


_____
Nicholas Orzano


_____
Andrei Soran


_____
Mark Bell


_____
Jonathan Foster


  E-SIGNED by Matthew Ray
on 2022-09-30 19:04:01 GMT
_____
Matthew Ray

IN WITNESS WHEREOF, the undersigned, constituting the managing member of Pipeline Health System Holdings, LLC does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**PIPELINE HEALTH SYSTEM, LLC**, as managing member of Pipeline Health System Holdings, LLC

By:_____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager of Avanti Healthcare Holdings, LLC and SRC Hospital Investments II, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**PIPELINE HEALTH SYSTEM HOLDINGS, LLC**, as manager of Avanti Healthcare Holdings, LLC and SRC Hospital Investments II, LLC

By:_____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager of Avanti Hospitals, LLC; Avanti Hospital Holdings I, LLC; HealthPlus+ Holdings, LLC; CHHP Holdings II, LLC; Gardena Hospital Management, L.L.C.; ELADH Management, L.L.C.; CHHP Management, LLC; and CPH Hospital Management, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of Avanti Hospitals, LLC; Avanti Hospital Holdings I, LLC; HealthPlus+ Holdings, LLC; CHHP Holdings II, LLC; Gardena Hospital Management, L.L.C.; ELADH Management, L.L.C.; CHHP Management, LLC; and CPH Hospital Management, LLC

By:_____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the general partner of Gardena Hospital, L.P., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**GARDENA HOSPITAL MANAGEMENT, L.L.C**., as general partner of Gardena Hospital, L.P.

By: _____

Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the general partner of ELADH, L.P., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**ELADH MANAGEMENT**, **L.L.C.**, as general partner of ELADH, L.P.

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager of Pipeline – West Suburban Medical Center, LLC; Pipeline – Weiss Memorial Hospital, LLC; Pipeline – Weiss Medical Specialists, LLC; Pipeline – Lakefront Medical Associates, LLC; Pipeline Midwest Pharmacies, LLC; West Suburban Property Holdings, LLC; River Forest Property Holdings, LLC; and Weiss Property Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**SRC HOSPITAL INVESTMENTS II, LLC,** as manager of Pipeline – West Suburban Medical Center, LLC; Pipeline – Weiss Memorial Hospital, LLC; Pipeline – Weiss Medical Specialists, LLC; Pipeline – Lakefront Medical Associates, LLC; Pipeline Midwest Pharmacies, LLC; West Suburban Property Holdings, LLC; River Forest Property Holdings, LLC; and Weiss Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager of SRC Hospital Investments I, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**PIPELINE HEALTH SYSTEM HOLDINGS, LLC,** as manager of SRC Hospital Investments I, LLC

By: _____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the member of Pipeline Chicago Graduate Education Foundation, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**PIPELINE – WEISS MEMORIAL HOSPITAL, LLC,** as member of Pipeline Chicago Graduate Education Foundation

By:_____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of CHHP Hospital Property Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of CHHP Hospital Property Holdings, LLC

By: _____

Name:  Andrei Soran

Title:  Authorized Signatory

**AVANTI HOSPITALS, LLC**, as member of CHHP Hospital Property Holdings, LLC

By: _____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of CHHP MOB Property Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of CHHP MOB Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory


**AVANTI HOSPITALS, LLC**, as member of CHHP MOB Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the member of City Hospital Physician Group, Inc., does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**PIPELINE EAST DALLAS, LLC**, as member of City Hospital Physician Group, Inc.

By: _____

Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of CPH Hospital Property Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of CPH Hospital Property Holdings, LLC

By:_____
Name:  Andrei Soran
Title:  Authorized Signatory


**AVANTI HOSPITALS, LLC**, as member of CPH Hospital Property Holdings, LLC

By:_____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of CPH MOB Property Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of CPH MOB Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory


**AVANTI HOSPITALS, LLC**, as member of CPH MOB Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of ELADH Hospital Property Holdings, LLC, do hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of ELADH Hospital Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

**AVANTI HOSPITALS, LLC**, as member of ELADH Hospital Property Holdings, LLC

By: _____
Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and the member, respectively, of Gardena Hospital Property Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**AVANTI HEALTHCARE HOLDINGS, LLC**, as manager of Gardena Hospital Property Holdings, LLC

By: _____

Name:  Andrei Soran
Title:  Authorized Signatory

**AVANTI HOSPITALS, LLC**, as member of Gardena Hospital Property Holdings, LLC

By: _____

Name:  Andrei Soran
Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and member of Pipeline East Dallas, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**SRC HOSPITAL INVESTMENTS I, LLC**, as manager and member of Pipeline East Dallas, LLC

By: _____

Name:  Andrei Soran

Title:  Authorized Signatory

IN WITNESS WHEREOF, the undersigned, constituting the manager and member of Weiss MOB Property Holdings, LLC, does hereby consent to the foregoing actions and resolutions effective as of the date first written above.

**SRC HOSPITAL INVESTMENTS II, LLC**, as manager and member of Weiss MOB Property Holdings, LLC

By: _____

Name:  Andrei Soran

Title:  Authorized Signatory

**Schedule I**

| Company | Governing Body |
| --- | --- |
| Pipeline Health System Holdings, LLC, a Delaware limited liability company | Managing Member:  Pipeline Health System, LLC |
| Pipeline Health System, LLC, a Delaware limited liability company | Board of Managers<br>Andrei Soran<br>Jigar Shah<br>Adam Grossman<br>Nicholas Orzano<br>Mark Bell<br>Jonathan Foster<br>Matthew Ray |
| Gardena Hospital Management, L.L.C., a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| Gardena Hospital Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| ELADH Management, L.L.C., a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| SRC Hospital Investments I, LLC, a Delaware limited liability company | Manager:  Pipeline Health System Holdings, LLC |
| SRC Hospital Investments II, LLC, a Delaware limited liability company | Manager:  Pipeline Health System Holdings, LLC |
| Pipeline – West Suburban Medical Center, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Pipeline – Weiss Memorial Hospital, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Pipeline – Weiss Medical Specialists, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Pipeline – Lakefront Medical Associates, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Pipeline Midwest Pharmacies, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| West Suburban Property Holdings, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| River Forest Property Holdings, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Weiss MOB Property Holdings, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Weiss Property Holdings, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |
| Avanti Healthcare Holdings, LLC, a Nevada limited liability company | Manager:  Pipeline Health System Holdings, LLC |
| Avanti Hospitals, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| Avanti Hospital Holdings I, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| HealthPlus+ Holdings, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CHHP Holdings II, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CHHP Management, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CHHP MOB Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CHHP Hospital Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |

| | |
|---|---|
| CPH Hospital Management, LLC, a Nevada limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CPH Hospital Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| CPH MOB Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| Gardena Hospital, L.P., a Texas limited partnership | General Partner:  Gardena Hospital Management, L.L.C. |
| ELADH L.P., a Texas limited partnership | General Partner:  ELADH Management, L.L.C. |
| ELADH Hospital Property Holdings, LLC, a Delaware limited liability company | Manager:  Avanti Healthcare Holdings, LLC |
| City Hospital Physician Group, Inc., a Texas non-profit corporation | Member: Pipeline East Dallas, LLC |
| Pipeline Chicago Graduate Education Foundation, a non-profit, non-stock Delaware corporation | Member:  Pipeline – Weiss Memorial Hospital, LLC |
| Pipeline East Dallas, LLC, a Delaware limited liability company | Manager:  SRC Hospital Investments II, LLC |