IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90291 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) (Emergency Relief Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER MODIFYING CERTAIN DATES WITH RESPECT TO THE DEBTORS' PLAN SUPPLEMENT, CONFIRMATION OBJECTION DEADLINE, AND VOTING DEADLINE**

> **Emergency relief has been requested. Relief is requested not later than December 5, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Pipeline") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"), modifying the schedule approved in the *Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Second Amended Joint Chapter 11 Plan of Reorganization, (III) Approving*

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Disclosure Statement Order.

*the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto* (the "Disclosure Statement Order") [Docket No. 506] in connection with each deadline for (a) filing the Plan Supplement (the "Plan Supplement Deadline"); (b) filing objections to the Plan (the "Plan Objection Deadline"); and (c) submitting ballots to vote on the Plan (the "Voting Deadline"). The Debtors' proposed modifications, as listed below, would move each deadline back merely one business day.

    a.    The Plan Supplement Deadline shall be extended from December 2, 2022, at 5:00 p.m., prevailing Central Time to **Monday, December 5, 2022,** at 5:00 p.m., prevailing Central Time.

    b.    The Plan Objection Deadline shall be extended from December 9, 2022, at 5:00 p.m., prevailing Central Time, to **Monday, December 12, 2022,** at 5:00 p.m., prevailing Central Time.

    c.    The Voting Deadline shall be extended from December 9, 2022, at 5:00 p.m., prevailing Central Time, to **Monday, December 12, 2022,** at 5:00 p.m., prevailing Central Time.

2. The Debtors seek entry of the Order to extend the applicable deadlines by one business day to afford the Debtors more time to continue work to finalize the items to be included in the Plan Supplement as the Debtors continue to, simultaneously, make efforts to market and sell their California- and Texas- based assets, consummate the sale of the Illinois-based assets permitted by the court earlier this week, prepare for the confirmation hearing scheduled for December 19, 2022, and negotiate with other parties to effectuate an operational restructuring.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(b) and (d), 3020 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

6. On October 2, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the *Declaration of Russell A. Perry, Chief Transformation Officer of Pipeline Health System, LLC, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 23].

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2022, the Court entered an order [Docket No. 48] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On October 12, 2022, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a patient care ombudsman (the "PCO") [Docket No. 156]. On October 13, 2022, the U.S. Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 164]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8. On November 16, 2022, the Debtors filed the Plan [Docket No. 500] and the Court entered the Disclosure Statement Order, establishing a Plan Supplement Deadline for December 2, 2022, a Plan Objection Deadline for December 9, 2022, and a Voting Deadline for December 9, 2022.

**Basis for Relief**

9.  Bankruptcy Rules 2002(b) and 3020 provide, in relevant parts, that parties in interest generally must receive 28 days' notice of the hearing on approval of confirmation of a chapter 11 plan and the dates set for objections to the same.  With these proposed scheduling changes, the Debtors' are providing additional notice to the parties, while still maintaining an expeditious chapter 11 process.  The Court may grant, upon motion, relief from an order pursuant to Bankruptcy Rule 9024 for a reason that justifies relief.  Fed. R. Bank. P. 9024(b)(6).  Bankruptcy Rule 9024 incorporates Civil Rule 60.  *See* Fed. R. Bank. P. 9024.  Civil Rule 60 provides that, "[o]n motion and just terms, the court may relief a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Movants are permitted to move for such relief within a reasonable time.  *See* Fed. R. Bank. P. 9024(c)(1); Fed. R. Civ. P. 60(c)(1).  Furthermore, the Disclosure Statement Order provides, in paragraph 14, that the Court may approve a later date for the Plan Supplement Deadline with notice to parties in interest in the chapter 11 cases.[3]

10.  Here, the Debtors submit that the Court has sufficient reason to amend the relevant deadline.  Since the Disclosure Statement Order was entered, the Debtors and their advisors have continued to work diligently in an effort to meet the deadlines established in the Disclosure Statement Order.  However, it has become clear that, in the interest of filing a more complete initial version of the Plan Supplement, additional time is necessary, in light of the Debtors work to push forward on a number of fronts simultaneously.  The additional time requested by the Debtors to finalize the Plan Supplement is one business day, and because no other confirmation dates are

---

[3] *See* Disclosure Statement Order, at 6.

proposed to be modified (other than to provide parties with one more business day in connection with the Plan Objection Deadline and Voting Deadline), the relief requested in this Motion will have no effect on the Debtors' confirmation schedule. Accordingly, the Debtors also respectfully request that the Plan Supplement Deadline, Plan Objection Deadline, and Voting Deadline each be extended in one business day, to allow parties in interest additional time to file objections, if any. Further, in light of the Plan Objection Deadline being proposed to be extended by one business day, the Debtors submit that the 28-day notice required by Bankruptcy Rules 2002(b) and 3020 is not implicated any more than when the original dates were set for each deadline. As such, the Debtors believe that the requested relief is justified.

## Emergency Consideration

11. The Debtors respectfully request emergency consideration of this motion pursuant to Local Rule 9013-1(i). Emergency consideration is necessary to ensure that the Debtors' have adequate time to prepare a sufficient Plan Supplement, stakeholders receive a timely notice of the Debtors' requested scheduling changes, and to avoid the disruption of the Debtors' chapter 11 process.

## Notice

12. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee; (b) counsel to the Committee, (c) counsel to the PCO; (d) the Debtors' prepetition term loan lenders and their counsel; (e) the agent for the Debtors' prepetition term loan facility and its counsel; (f) the Debtors' prepetition ABL lender and its counsel; (g) the agent for the Debtors' postpetition financing facility and its counsel; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 and

Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

WHEREFORE, the Debtors request that the Court enter the Order granting relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
December 1, 2022

*/s/ Matthew D. Cavenaugh*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com
kpeguero@jw.com
vpolnick@jw.com
jgonzalez@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Zachary R. Manning (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: steven.serajeddini@kirkland.com
zach.manning@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Jaimie Fedell (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jaimie.fedell@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on December 1, 2022, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh