**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 22-90291 (MI) |
| PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1] | **Chapter 11** |
| Debtors | (Jointly Administered) |

**VALLEY MEDICAL STAFFING, INC. AND VEMA STAFFING PARTNERS'
OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S SCHEDULE OF
ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES CONTAINED IN
THE DEBTORS' NOTICE OF PLAN SUPPLEMENT AND
NOTICE OF AMENDED PLAN SUPPLEMENT**

Valley Medical Staffing, Inc. ("Valley Medical") and VEMA Staffing Partners ("VEMA Staffing") (together, the "Creditors"), hereby object to the cure amount proposed in the Schedule of Assumed Executory Contracts and Unexpired Leases (the "Assumption Schedules") attached to the Notice of Filing of Plan Supplement [ECF No. 659] and the Notice of Filing of Amended Plan Supplement [ECF No. 792], as Exhibit C and Exhibit C-1 respectively.

## PRELIMINARY STATEMENT

The Creditors object to the cure amount proposed in the Assumption Schedules because the amount is insufficient to cure due and owing arrears as required by 11 U.S.C. section 365. The Court, respectfully, should condition assumption of the Master Staffing Services Agreement (defined below) on the payment of all pre-petition arrears and any post-petition amounts that become due and owing to the Creditors under the Master Staffing Services Agreement.

## FACTUAL BACKGROUND

1. On October 2, 2022 (the "Petition Date"), Pipeline Health System, LLC and its affiliates (the "Debtors") commenced the above-captioned jointly administered cases (the

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq1.com/PieplineHealth. The Debtors service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, CA 90245.

"Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court").

2. Prior to the Petition Date and on or around March 22, 2021, Creditors and debtor, Pipeline Health System, LLC entered into a Master Staffing Services Agreement. In the Master Staffing Services Agreement[2], Creditors agreed to provide staffing services to debtor, Pipeline Health System, LLC and affiliated debtors, which in turn, agreed to pay for such services according to an agreed upon fee schedule. Pursuant to the Master Staffing Services Agreement, Creditors provided services and billed Debtors for such services. Creditors, in fact, continue to provide services to Debtors under the Master Staffing Services Agreement.

3. As of the Petition Date, Valley Medical is owed $1,700,115.09 for amounts due, owing, and not yet paid under the Master Staffing Services Agreement. *See* Claim # 10440. As of the Petition Date, VEMA Staffing is owed $1,489,651.05 for amounts due, owing, and not yet paid under the Master Staffing Services Agreement. *See* Claim # 10439.

4. On or about December 5, 2022, the Debtors filed the Notice of Filing of Plan Supplement. On or about December 14, 2022, the Debtors filed the Notice of Filing of Amended Plan Supplement. Each filing contained Assumption Schedules which proposed various cure amounts. *See* Dkt 659, Exh. C; Dkt. 792, Exh. C-1.

5. The Assumption Schedules list the Creditors and Master Staffing Services Agreement, and propose a cure amount of $0 (the "Proposed Cure Amount").

## ARGUMENT

6. The Debtors improperly calculate the cure amount required for assumption of the Master Staffing Services Agreement. The Proposed Cure Amount is not consistent with the amounts Debtors list as owed to the Creditors in their schedules or the debt asserted in Creditors' claims. The Debtors must cure (or provide adequate assurance of a prompt cure) of any default of the Master Staffing Services Agreement. 11 U.S.C. § 365(b)(1). Based on the foregoing,

---

[2] In addition to debtor, Pipeline Health System, LLC, the Master Staffing Services Agreement also obligated debtors, Gardena Hospital, L.P. and Avanti Hospitals, Inc.

Debtors Proposed Cure Amount of $0 is not sufficient to warrant assumption under the Bankruptcy Code. The Proposed Cure Amount must be adjusted to include pre-petition amounts owing and reflected in the Creditors' claims (no less than $3,189,766.14) along with any post-petition arrears that accrue on or before assumption of the Master Staffing Services Agreement[3].

7. In addition, Debtors make no attempt to provide Creditors with adequate assurance of future performance. The burden of proof is on the debtor to show that the assignee provided adequate assurance of future performance. *See Tex. Health Enters. V. Lytle Nursing Home (in re Tex. Health Enters.)*, 72 Fed. App'x 122, 125 (5th Cir. 2003). Debtors fail to satisfy this burden.

8. Because the Proposed Cure Amount is inadequate under the Bankruptcy Code and Debtors fail to provide adequate assurance of future performance, the Creditors object to the Assumption Schedules contained in the Notice of Filing of Plan Supplement and Notice of Filing of Amended Plan Supplement. The Creditors, respectfully, request that as a condition of the assumption of the Master Staffing Services Agreement, the Court require the Debtors to cure all pre-petition and post-petition defaults and grant such other and further relief as this Court deems necessary and proper. The Creditors reserve all rights to amend, modify, or supplement this Objection for the purpose of establishing the appropriate cure amount.

Dated: December 28, 2022  BEST BEST & KRIEGER LLP

By: */s/ Richard Egger*
RICHARD T. EGGER, *Pro Hac Vice*
California State Bar No. 162581
DUSTIN J. NIRSCHL, *Pro Hac Vice*
California State Bar No. 326648
2855 E. Guasti Road, Suite 400
Ontario, CA 91761
T:  (909) 989-8584
E:  richard.egger@bbklaw.com
E:  dustin.nirschl@bbklaw.com

Attorneys for Valley Medical Staffing and VEMA Staffing Partners

---

[3] As of the date of this Objection, no post-petition arrears have accrued pursuant to the Master Staffing Services Agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of December 2022, a true and correct copy of the above and foregoing instrument has been served electronically via electronic mail on the Debtor's counsel listed below:

KIRKLAND & ELLIS LLP KIRKLAND & ELLIS LLP
(COUNSEL FOR DEBTORS)
ATTN: STEVEN N. SERAJEDDINI
ZACHARY R. MANNING
601 LEXINGTON AVE
NEW YORK NY 10022
steven.serajeddini@kirkland.com
zach.manning@kirkland.com


JACKSON WALKER LLP (CO-COUNSEL TO THE DEBTORS)
ATTN: MATTHEW D. CAVENAUGH
VERONICA POLNICK
KRISTHY M. PEGUERO
1401 MCKINNEY STREET, SUITE 1900
HOUSTON TX 77010
mcavenaugh@jw.com
kpeguero@jw.com
vpolnick@jw.com

KIRKLAND & ELLIS LLP (COUNSEL FOR DEBTORS)
ATTN: JAIMIE FEDELL
300 NORTH LASALLE
CHICAGO IL 60654
jaimie.fedell@kirkland.com

                                              */s/ Linda Tapia*
                                              Linda Tapia