IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90291 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MEDELY, INC.'S OBJECTION TO PROPOSED CURE AMOUNT FOR
ASSUMPTION OF EXECUTORY CONTRACT**

COMES NOW Medely, Inc. ("Medely"), by and through undersigned counsel, and hereby objects (this "Objection") to the cure amount listed on the Schedule of Assumed Executory Contracts and Unexpired Leases to the Notice of Filing Plan Supplement (*see* Ex. C to Dkt. No. 659) (the "Assumption Schedule") filed by the above-captioned Debtors. In support of this Objection, Medely respectfully states as follows:

**FACTUAL BACKGROUND**

1. Effective August 4, 2022, Medely and Pipeline Health System, LLC ("Pipeline") entered into a Services Agreement ("Agreement") for Medely to provide staffing services for Pipeline and its network of hospitals and physicians.

2. On October 2, 2022, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

3. Medely timely filed a proof of claim in Pipeline's chapter 11 case on October 12, 2022 (*see* Case No. 22-90291, claim no. 10055) (the "Proof of Claim"), in which it asserted a total unsecured claim in the amount of $470,426.15 for services rendered prior to the Petition Date.

4. On December 5, 2022, the Debtors filed the Assumption Schedule, in which it indicated that Pipeline seeks to assume the Agreement in connection with the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization but asserted a cure amount of $0 (the "Proposed Cure Amount").

5. Following the filing of the Assumption Schedule, Medely raised an informal objection with the Debtors seeking to resolve its concerns with the Proposed Cure Amount without burdening the Court and limiting legal expenses for the parties. Since then, Medely has been in regular communications with the Debtors and their counsel regarding the potential resolution of issues relating to the Proposed Cure Amount, which would resolve this Objection. However, as of the filing of this Objection, Medely and the Debtors have not reached a formal agreement; thus, Medely files this Objection out of an abundance of caution to preserve its rights.

## LAW AND ANALYSIS

6. Section 365(b)(1) of the Bankruptcy Code requires that "[i]f there has been a default in an executory contract . . . of the debtor, the trustee may not assume such contract . . . unless, at the time of assumption of such contract . . . the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ." 11 U.S.C. § 365(b)(1).

7. Medely does not object to the assumption of the Agreement by the Debtors but does object to the Proposed Cure Amount because the actual, undisputed cure amounts owed for services provided by Medely to Pipeline must be paid pursuant to 11 U.S.C. § 365 in order for the Agreement to be assumed, absent Medely's consent. Specifically, Medely submits that the Debtors

must pay the amount asserted by Medely in the Proof of Claim filed for the Agreement, plus any additional sums accrued and unpaid after the Petition Date under the Agreement in the ordinary course or, if overdue, at the time of assumptoin.  Based on Medely's correspondence with the Debtors and their counsel since the Assumption Schedule was filed, it appears there is no dispute between the parties as to the amount of Medely's unsecured claim, and the parties are simply negotiating a mutually acceptable and financially feasible business solution.

8.      It is also Medely's understanding that Debtors are actively participating in such negotiations in good faith to seek a resolution of issues related to the Proposed Cure Amount, and thereby resolve this Objection.  Specifically, the parties have discussed a potential partial resolution of this dispute and which undersigned counsel is waiting for additional details from Debtors' counsel with respect to such a proposal.  Thus, Medely files this Objection out of an abundance of caution to reserve all of its rights.  Medely will continue to work in good faith with the Debtors in an attempt to resolve the issues raised herein.

## **RESERVATION OF RIGHTS**

9.      Medely hereby reserves its right to make such other and further objections as may be appropriate, including modifying the cure amount if additional amounts accrue or are determined to be owing under the Agreement, including without limitation charges accruing on and after the Petition Date and before the effective date of assumption.

WHEREFORE, Medely respectfully requests that the Court enter an order (i) requiring, as a pre-condition to the Debtors assuming the Agreement, the payment to Medely of the amounts outstanding under the Agreement as described herein as part of the cure of defaults under 11 U.S.C. § 365(b) (unless agreed by the parties otherwise), and (ii) granting Medely such further relief as the Court deems just and appropriate.

Dated: December 29, 2022.	Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Sean A. Gordon*
Sean A. Gordon (Tex. Bar No. 24048504)
Two Alliance Center
3560 Lenox Road NE
Suite 1600
Atlanta, Georgia 30326-4266
(404) 541-2900 (P) / (404) 541-2905 (F)
Sean.Gordon@ThompsonHine.com

Jonathan S. Hawkins
*(Pro Hac Vice Motion Pending)*
Discovery Place
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342-4934
(937) 443-6600 (P) / (937) 443-6635 (F)
Sean.Gordon@ThompsonHine.com

*Counsel for Medely, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, a true and correct copy of the foregoing was served electronically via the Court's ECF noticing system on those parties who receive notice from that system and served via electronic mail upon the following parties:

| | |
|---|---|
| Benesch, Friedlander, Coplan & Aronoff<br>71 South Wacker Drive<br>Suite 1600<br>Chicago, IL 60606<br>Attn: Juan Morado, Jr.<br>(jmorado@beneschlaw.com) | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Attn: Steven N. Serajeddini, P.C.<br>Zachary R. Manning<br>(steven.serajeddini@kirkland.com)<br>(zach.manning@kirkland.com) |
| Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Attn: Lindsey Blum<br>Jaimie Fedell<br>(lindsey.blum@kirkland.com)<br>(jaimie.fedell@kirkland.com) | Jackson Walker LLP<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>Attn: Matthew D. Cavenaugh<br>Kristhy M. Peguero<br>Veronica Polnick<br>(mcavenaugh@jw.com)<br>(kpeguero@jw.com)<br>(vpolnick@jw.com) |
| Office of the United States Trustee for the Southern District of Texas<br>Attn: Jayson B. Ruff<br>USTPRegion07.HU.ECF@USDOJ.GOV | Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166<br>Attn: Jayme Goldstein<br>Isaac Sasson<br>(jaymegoldstein@paulhastings.com)<br>(isaacsasson@paulhastings.com) |
| Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br>Attn: Ari B. Blaut<br>Benjamin S. Beller<br>(blauta@sullcrom.com)<br>(bellerb@sullcrom.com) | Akin Gump Strauss Hauer & Feld LLP<br>2300 N. Field Street #1800<br>Dallas, TX 75201<br>Attn: Sarah A. Schultz<br>(sschultz@akingump.com) |

*/s/ Sean A. Gordon*
Sean A. Gordon (Tex. Bar No. 24048504)

*Counsel for Medely, Inc.*