IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | ) | Case No. 22-90291 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING
THE TIME WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS**

> **If you object to the relief requested, you must respond in writing specifically answering each paragraph of this pleading. You must file your response electronically at https://ecf.txsb.uscourts.gov within 21 days from the date this motion was filed unless the Court orders otherwise. If no responsive pleading is filed timely, the Court may treat the motion as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"), enlarging the period (the "Removal Period") within which the Debtors may remove actions (individually, an "Action" and, collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by 120 days, up to and including May 2, 2023, without prejudice to the Debtors' right to seek

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

[2] The facts and circumstances supporting this motion are set forth in the *Declaration of Russell A. Perry, Chief Transformation Officer of Pipeline Health System, LLC, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 23] (the "First Day Declaration"), incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to THEM in the First Day Declaration.

further extensions. Absent the relief requested herein, the Removal Period will otherwise expire on January 2, 2023.[3]

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Judicial Code") and rules 9006 and 9027 of the Bankruptcy Rules.

## Background

5. On October 2, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declaration.

6. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2022, the Court entered an order [Docket No. 48] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On October 12, 2022, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a patient care ombudsman (the "PCO") [Docket No. 156]. On October 13, 2022, the U.S. Trustee appointed an official committee of unsecured creditors

---

[3] Pursuant to Section K ¶ 30 of the Procedures for Complex Cases in the Southern District of Texas, the filing of this Motion automatically extends the Removal Period until the Court (as defined herein) rules on the Motion.

pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 164]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### The Actions

7. As of the date of the filing of this Motion, the Debtors are involved in over 50 Actions commenced prepetition in various forums. On November 10, 2022, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules and Statements"), which identified the Actions known as of that date. The Debtors subsequently filed Amended Schedules of Assets and Liabilities on November 15, 16 and 28, 2022. The Debtors will provide notice of this Motion to each of the known litigation counterparties to the Actions and will file an affidavit of service reflecting such service. Further, as noted below, the Debtors may become aware of additional Actions before the close of these chapter 11 cases. If that occurs, the Debtors will provide prompt and proper notice to the related litigation counterparties.

8. Since the Petition Date, the Debtors have worked diligently on numerous time-sensitive matters critical to their restructuring efforts. Specifically, the Debtors and their professionals have focused their attention on, among other things:

(a) stabilizing the Debtors' business operations to maximize the value of the Debtors' estates, including engaging with numerous key stakeholders in connection therewith;

(b) obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions and "second day" motions;

(c) retaining professionals to assist the Debtors in managing their chapter 11 cases;

(d) engaging with the DIP Lenders and obtaining debtor-in-possession financing that is critical to ensuring uninterrupted business operations and sufficient funding for these chapter 11 cases;

(e) preparing and filing the Schedules and Statements;

(f)     formulating a business plan and engaging in negotiations with key stakeholders with respect to the same;

(g)     obtaining approval of the Debtors' Disclosure Statement and the procedures to solicit votes on the Debtors' plan of reorganization;

(h)     conducting a marketing process and consummating a sale of the Debtors' Illinois operations while preparing for a closing of the Debtors' Illinois real estate sale; and

(i)     concluding their sale process of the L.A. and Dallas-based operations and pivoting to the equitization path of their toggle chapter 11 plan.

9.     Simply put, the Debtors' time and resources have been productively spent toward putting forward a plan of reorganization and engaging with various stakeholders to secure its confirmation so the Debtors can emerge from these chapter 11 cases expeditiously, while ensuring that the care the Debtors provide to their patients is unaffected.

10.     Further, as noted above the Debtors may become aware of additional Actions in connection with the proofs of claim that are filed in these chapter 11 cases. Pursuant to the *Order (I) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information, and (III) Granting Related Relieve* [Docket No. 90], the deadline to file proofs of claim was December 1, 2022 for non-governmental claimants (the "<u>General Bar Date</u>"). and pursuant to the *Amended Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claim Bar Date, and (V) Granting Related Relieve* [Docket No. 627] the deadline to file proofs of administrative claim was December 13, 2022 for any Administrative Claim (as defined therein) arising on or prior to November 13, 2022 (the "<u>Administrative Claims Bar Date</u>"). Given the current deadline to file notices to remove any

Actions is set to expire on January 2, 2023, the Debtors have not yet had and will not have sufficient time to fully evaluate the claims that have been or will be filed in these chapter 11 cases and require additional time to decide which, if any, Actions they may seek to remove upon review of such claims.

## Basis for Relief

11. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases, and Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Bankruptcy Rule 9006(b)(1), in turn, permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027 "for cause shown . . . if the request therefor is made before the expiration of the period originally prescribed."

12. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, which include, among other things, the following: (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding, which may allow a federal court to hear one or more aspects thereof; (d) the relationship between the Action and the matters to be considered in connection with the Debtors' reorganization process, claims allowance process, and assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the applicable Action. The Debtors must analyze each Action with consideration of the foregoing factors, among others. The extension requested herein will provide the Debtors the time needed to make informed decisions concerning which Actions to remove and will ensure that the Debtors' rights under 28 U.S.C. § 1452 are exercised in an appropriate manner.

13. The Debtors submit that ample cause exists to extend the Removal Period. Absent the relief requested herein, the Removal Period will otherwise expire during a critical stage in these chapter 11 cases. Importantly, January 2, 2023 also falls only a short period of time after the General Bar Date and Administrative Claims Bar Date, thus hindering the Debtors' ability to make an informed decision regarding each potential Action. As noted above, for the past several months, the Debtors and their advisors have focused their efforts on, among other things, stabilizing operations after these chapter 11 cases were commenced and negotiating with key stakeholders, including the DIP and Term Loan Lenders, the ABL Lenders, the Committee, governmental units, and landlords regarding the Debtors' plan of reorganization and pursuing confirmation thereof. The Debtors believe that maintaining the ability to remove Actions is essential to implementing their chapter 11 strategy. Extending the Removal Period will afford the Debtors and their stakeholders time to continue negotiating and building support around a consensual restructuring, while allowing the Debtors to decide whether to remove certain Actions pending in various jurisdictions across the country.

14. Moreover, the rights of all parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period. If the Debtors ultimately seek to remove any Action pursuant to Bankruptcy Rule 9027, all parties will retain their right to seek remand with respect to such Action pursuant to 28 U.S.C. § 1452(b). Therefore, cause exists to extend the Removal Period by 120 days through and including May 2, 2023.

## Notice

15. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee; (b) counsel to the Committee, (c) counsel to the PCO; (d) the Debtors' prepetition term loan lenders and their counsel; (e) the agent for the Debtors' prepetition term loan facility and its counsel; (f) the Debtors' prepetition ABL lender and its counsel; (g) the agent for the Debtors'

postpetition financing facility and its counsel; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; (l) all known counterparties to the Actions; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

WHEREFORE, the Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
December 31, 2022

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Zachary R. Manning (admitted *pro hac vice*) |
| Javier Gonzalez (TX Bar No. 24119697) | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone: (212) 446-4800 |
| Telephone: (713) 752-4200 | Facsimile: (212) 446-4900 |
| Facsimile: (713) 752-4221 | Email: steven.serajeddini@kirkland.com |
| Email: mcavenaugh@jw.com | zach.manning@kirkland.com |
| kpeguero@jw.com | |
| vpolnick@jw.com | - and - |
| jgonzalez@jw.com | |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | Jaimie Fedell (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: jaimie.fedell@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |

## Certificate of Service

I certify that, on December 31, 2022 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh