IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1]<br><br>Reorganized Debtors. | § Case No. 22-90291 (MI)<br>§<br>§ Chapter 11<br>§<br>§ (Jointly Administered)<br>§<br>§ |

## MOTION OF RESILIENCE TO ENFORCE SALE ORDER

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO: THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE

AUM Global Healthcare Management, LLC ("AUM"), the purchaser of certain membership interests pursuant to the Membership Interest Purchase Agreement (the "MIPA")[2] approved by the Court in its Sale Order[3] dated November 30, 2022, and Resilience Healthcare – Weiss Memorial Hospital, LLC ("Weiss Memorial Hospital," and, together with AUM,

---

[1] A complete list of each of the Reorganized Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Reorganized Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

[2] The MIPA is attached to the Sale Order at ECF No. 601.

[3] The term Sale Order shall refer to that certain *Order (i) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (iii) Dismissing Certain of the Debtors' Chapter 11 Cases; and (iv) Granting Related Relief*, ECF No. 601, pursuant to which AUM acquired certain assets of Debtor SRC Hospital Investments II, LLC ("Illinois Parent"). All capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Order.

24672957 v1

"Resilience"), hereby submit this *Motion to Enforce Sale Order* (the "Motion"). In support hereof, Resilience respectfully states as follows:

### Relief Requested

1. Resilience seeks entry of an order, substantially in the form attached hereto (the "Proposed Order") enforcing the Confirmation Order against Mr. Joseph Virruso (the "Plaintiff") and his counsel, Matthew D. Ports and Alexander J. Marsh ("Mr. Ports and Mr. Marsh") and ordering them to dismiss the lawsuit captioned *Virruso v. Wolin, et al.*, currently pending before the Circuit Court of Cook County, Illinois, No. 2024-L-001060 (the "Lawsuit") within seven (7) days of the entry of such Order.

### Jurisdiction And Venue

2. The Court has jurisdiction to consider this Motion under 28 U.S.C. § 1334.

3. The Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. The bases for the relief requested herein are sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), the Sale Order, and this Court's inherent authority to enforce its orders, including the discretion to award attorneys' free.

### Background

6. On October 2, 2022 (the "Petition Date"), the Debtors filed these Chapter 11 cases in the Bankruptcy Court for the Southern District of Texas, Houston Division, jointly administered under case number 22-90291.

7. On or about October 6, 2022, the Debtors caused to be served via first class mail the *Notice of Chapter 11 Bankruptcy Case* and related information regarding claims and the General Bar Date to 238,406 patients, whose names and addresses are in the Debtors' confidential records. *See* ECF No. 198, Aff. of Service § 2.ii. As part of the sale, Resilience obtained a full

2

24672957 v1

copy of the Affidavit of Service with respect to the Notice of Chapter 11 Bankruptcy Case and General Bar Date. The relevant pages of that Affidavit of Service (redacting patient names/addresses other than the Plaintiff's) are attached hereto as **Exhibit 1** and reflect service on the Plaintiff.

8. On November 22, 2022, the Debtors filed the *Emergency Motion for Entry of an Order (i) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (iii) Dismissing Certain of the Debtors' Chapter 11 Cases; and (iv) Granting Related Relief* [ECF No. 534] (the "Sale Motion") with the Bankruptcy Court, seeking, among other things, approval of the sale of its Chicago-area hospital facilities clear free of certain liens and claims. As set forth therein, the Sale Motion proposed a sale of the membership interests in certain Illinois hospitals to AUM pursuant to the MIPA, free and clear of claims and encumbrances under section 363 of the Bankruptcy Code.

9. On or about November 23, 2022, Plaintiff was served with the *Notice of Filing of Debtors' Emergency Motion to Sell the Illinois Facilities* [ECF No. 539] (the "Sale Notice"). As part of the sale, Resilience obtained a full copy of the Affidavit of Service with respect to the Sale Notice. A true and correct copy of the relevant portion of that Affidavit of Service, redacting patient names/addresses other than the Plaintiff's, is attached hereto as **Exhibit 2**.

10. Paragraph 5 of the Sale Motion provides that medical malpractice claims arising pre-petition (i.e., for alleged injuries that occurred pre-bankruptcy) are "Excluded Liabilities" pursuant to the Illinois Sale. This is reiterated again in Paragraph 22 of the Sale Motion, which provides that certain Excluded Liabilities (as defined in the MIPA) "will be assumed by [Pipeline] following the Illinois Sale. Such Excluded Liabilities include prepetition medical malpractice

3

claims . . . ." The Motion also includes a chart summarizing the terms of the MIPA, noting (at page 20) that prepetition medical malpractice claims are Excluded Liabilities.

11. Pursuant to the MIPA, the Excluded Liabilities include Excluded Claims[4] of "any known or unknown professional liability claims arising from incidents that occurred prior to the Petition Date entitled to coverage (subject to any deductibles or retention) under any of the Seller Parties' professional liability insurance policies set forth on Schedule 3.16 to the MIPA, including without limitation those professional liability claims set forth in Schedule 3.12 thereto, which shall be assumed by the Seller Parties (other than the OpCos) and otherwise addressed as contemplated in the MIPA." *See* Sale Motion at 5 n.6.

12. On November 11, 2022, the Court entered the Sale Order, which approved the Sale Motion and the sale of the Debtors' assets pursuant to the terms of the MIPA.

13. The Sale Order further dismissed the following of the Debtors' cases: In re Pipeline – West Suburban Medical Center*, LLC*, Case No. 22-90313 (MI); (b) *In re Pipeline – Weiss Memorial Hospital, LLC*, Case No. 22-90306 (MI); (c) *In re Pipeline – Lakefront Medical Associates, LLC*, Case No. 22-90300 (MI); (d) *In re Pipeline – Midwest Pharmacies, LLC*, Case No. 22-90302 (MI); (e) *In re Pipeline – Weiss Medical Specialists, LLC*, Case No. 22-90304 (MI); and (f) *In re Pipeline Chicago Graduate Education Foundation*, Case No. 22-90318 (MI).

14. The deadline for the filing of proofs of claim against the Debtors in these Chapter 11 cases was December 1, 2022 (the "General Bar Date"). Plaintiff did not file a claim against any Debtor before the General Bar Date.

---

[4] Resilience reserves its rights to seek indemnification from the Reorganized Debtors pursuant to sections 9.2 and 9.3 of the MIPA, by which Seller agreed to "defend, indemnify and hold harmless" Resilience from losses including but not limited to those arising out of Excluded Claims, and by which Seller agreed to "pay or otherwise indemnify" Resilience "for any self-insured retention up to a maximum of Ten Million Dollars ($10,000,000.00)" in the first year after the Closing Date, as an offset of obligations due under the Ramco Note (as defined in the MIPA).

15.     On or about January 29, 2024, Plaintiff initiated the Lawsuit by filing a complaint in the Circuit Court of Cook County Illinois, a true and correct copy of which is attached hereto as **Exhibit 3**.

16.     The Lawsuit asserts causes of action against Weiss Memorial Hospital based upon professional conduct alleged to have occurred on or about February 28, 2022, prior to the Petition Date.

17.     The claims alleged in the Lawsuit are Excluded Claims under the meaning of the MIPA and the Sale Order confirming same. Accordingly, Resilience did not assume liability for such claims upon consummation of the MIPA.

18.     On May 16, 2024, counsel to Resilience sent a letter to Plaintiff requesting voluntary dismissal of the claims against Resilience in the Lawsuit. A true and correct copy of this letter (without exhibits) is attached hereto as **Exhibit 4**.

19.     Plaintiff has not dismissed the claims against Resilience. Resilience now seeks relief from this Court.

### Basis for Relief

20.     The Court has authority pursuant to section 105 of the Bankruptcy Code to "enter any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     The bankruptcy court's equitable powers include the ability to enforce its own orders and to protect final orders from impermissible collateral attacks. *See In re Veg Liquidation, Inc.*, 931 F.3d 730, 737 (8th Cir. 2019) (finding that a trustee's challenge to the validity of a sale order pursuant to § 363 was barred as an impermissible collateral attack), *cert. denied*, ⎯⎯ U.S. –⎯⎯, 140 S. Ct. 904 (Mem.), 205 L. Ed. 2d 463 (2020).

24672957 v1

22. The Court's enforcement authority is particularly pertinent to orders under section 363, considering the nature of the rights transferred "because '[a] proceeding under section 363 is an *in rem* proceeding'" that transfers property rights that are "'good against the world, not just against parties to a judgment or persons with notice of the proceeding.'" *Id*. (quoting *Regions Bank v. J.R. Oil Co.*, 387 F.3d 721, 732 (8th Cir. 2004) (quoting *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1017 (7th Cir. 1988))).

23. Here, the Sale Order provides that Resilience did not assume liability for Excluded Claims, such as Plaintiff's asserted claim in the Lawsuit, and prepetition professional liability claimants cannot state a valid claim for relief against Resilience. Any continued prosecution of the Lawsuit would therefore constitute contempt of a final order of this Court.

24. Resilience respectfully requests that this court enter an order (i) finding Plaintiff and his counsel, Mr. Ports and Mr. Marsh, in contempt of the Sale Order and (ii) requiring Plaintiff within seven (7) days of entry of such order to cause to be dismissed with prejudice any claims asserted against Resilience in the Lawsuit.

25. Notice of the hearing on the relief requested in this Motion will be provided by Resilience in accordance and compliance with Bankruptcy Rule 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Resilience will provide notice to parties-in-interest, including: (a) the Debtors; (b) the U.S. Trustee for the Southern District of Texas; (c) Plaintiff Virruso; (d) Mr. Ports and Mr. Marsh; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice is necessary under the circumstances.

**WHEREFORE**, Resilience respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein, and such other relief as the Court deems just and proper.

Dated: July 22, 2024  
       Chicago, Illinois

Respectfully Submitted:

**BENESCH, FRIEDLANDER COPLAN & ARONOFF LLP**

By: */s/ Sven T. Nylen*  
Sven T. Nylen (admitted *pro hac vice*)  
Loren Scolaro (*pro hac vice* forthcoming)  
71 South Wacker Drive, Suite 1600  
Chicago, IL 60606  
T:  (312) 212-4949  
E:  snylen@beneschlaw.com  
    lscolaro@beneschlaw.com

*Counsel to Resilience*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, a true and correct copy of the foregoing has been served: (i) on all parties entitled to service via this Court's Case Management/Electronic Case Filing System ("CM/ECF"); (ii) by Federal Express or U.S. Priority Mail Express; and (iii) and via email upon as set forth below:

**Federal Express**
Matthew D. Ports
Alexander J. Marsh
Pfaff, Gill & Ports, Ltd.
One East Wacker Dr., Suite 3310
Chicago, IL 60601-1918

**U.S. Priority Mail Express**
Joseph Virruso
5718 W. 90th Place
Oak Lawn, IL 60453-1508

Joseph Virruso
2016 Neva Ave.
Chicago, IL 60707-3818

**U.S. Priority Mail Express**
Jayson B. Ruff
Office of the United States Trustee
515 Rusk Street, Ste. 3516
Houston, TX 77022.

**Email**
Matthew D. Ports
Alexander J. Marsh
Pfaff, Gill & Ports, Ltd.
mports@pgptrials.com
amarsh@pgptrials.com
eservice@pgptrials.com

/s/ *Sven T. Nylen*
Sven T. Nylen