**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Case No. 22-90291 (MI) |
| | § |
| | § Chapter 11 |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | § |
| | § (Jointly Administered) |
| Reorganized Debtors. | § |
| | § |
| | § |

**OPPOSITION OF RESILIENCE TO MOTION TO VACATE**
**CONTEMPT FINDING OF THE AUGUST 28, 2024 ORDER**

TO: THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE

AUM Global Healthcare Management, LLC ("AUM"), the purchaser of certain membership interests pursuant to the Membership Interest Purchase Agreement (the "MIPA")[2] approved by the Court in its Sale Order[3] dated November 30, 2022, and Resilience Healthcare – Weiss Memorial Hospital, LLC (the "Hospital," and, together with AUM, "Resilience"), hereby submit this Opposition to the motion [ECF No. 1557] (the "Motion to Vacate") of Joseph Virruso ("Plaintiff") and his attorneys, Alexander Marsh and Matthew Ports (collectively and together with Plaintiff, "Movants"), to vacate a portion of this Court's *Order Granting Motion to Enforce Sale Order* [ECF No. 1548] (the "Enforcement Order"), dated August 28, 2024, which granted

---

[1]   A complete list of each of the Reorganized Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Reorganized Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

[2]   The MIPA is attached to the Sale Order at ECF No. 601.

[3]   The term Sale Order shall refer to that certain *Order (i) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (iii) Dismissing Certain of the Debtors' Chapter 11 Cases; and (iv) Granting Related Relief*, ECF No. 601, pursuant to which AUM acquired certain assets of Debtor SRC Hospital Investments II, LLC.

Resilience's *Motion to Enforce Sale Order* [ECF No. 1540] (the "Enforcement Motion").  In support hereof, Resilience respectfully states as follows:

**Preliminary Statement**

1.      Resilience objects to entry of an order granting the Motion to Vacate while any employees of the Hospital remain named defendants in the lawsuit captioned *Virruso v. Wolin, et al.*, No. 2024-L- 001060 (the "Lawsuit"), currently pending before the Circuit Court of Cook County, Illinois (the "State Court").  Although Plaintiff dismissed the Hospital from the Lawsuit following entry of the Enforcement Order, employees Manilyn Tenio, Myung Hee Lee, Natalia Kontul, Eduardo Garcia, Francis Ezekwuem, and Rodelyn Carreon (collectively, the "Hospital Employees") remain as named defendants or respondents in discovery. [4,5]  As discussed herein, the Hospital  Employees are Released Parties in the third-party release set forth in the Debtor's chapter 11 plan (the "Plan") approved by the Court in the *Order Approving the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and its Debtor Affiliates (Technical Modifications)* [ECF No. 1041] (the "Confirmation Order"). [6]  As such, Movants are in

---

[4]      Manilyn Tenio and Myung Hee Lee are named defendants in the lawsuit.  Natalia Kontul, Eduardo Garcia, Francis Ezekwuem, and Rodelyn Carreon are named as respondents in discovery pursuant to 735 ILCS 5/2-402 (requiring such persons to respond to discovery by the plaintiff in the same manner as defendants).  A respondent in discovery is a hybrid litigant: not an actual party defendant, but more than simply a witness. The purpose of section 2-402 is to enable a plaintiff, through liberal discovery procedures, to determine whether the respondent should be made a defendant. *Hugley v. Alcaraz*, 144 Ill. App. 3d 726, 734, 494 N.E.2d 706, 711.  For the reasons set forth herein, since these individuals are released under the Plan, designating them as respondents in discovery is barred (i.e., they cannot be made a defendant as a result of the third-party release).  Nothing herein, however, is intended to preclude the Plaintiff some seeking third-party discovery in accordance with the Illinois Code of Civil Procedure.

[5]      Due to internal miscommunications at the time of the filing of the Enforcement Motion, the undersigned attorneys were unaware that these individuals were Hospital Employees rather than professionals with privileges to provide services at the Hospital and, thus, they were not specifically addressed in the Enforcement Motion.  Regardless, Plaintiff's prosecution of his claims against the Hospital Employee is prohibited for the reasons discussed herein.

[6]      The Plan is attached to the Confirmation Order as Exhibit A.

25067883 v4

contempt of this Court's Confirmation Order and the relief requested in the Motion to Vacate should be denied until the Hospital Employees are dismissed from the Lawsuit with prejudice.[7]

### Background

2.      On October 2, 2022 (the "Petition Date"), the Debtors filed these Chapter 11 cases in the Bankruptcy Court for the Southern District of Texas, Houston Division, jointly administered under case number 22-90291.

3.      On or about October 6, 2022, the Debtors caused to be served via first class mail the *Notice of Chapter 11 Bankruptcy Case* and related information regarding claims and the General Bar Date to 238,406 patients, whose names and addresses are in the Debtors' confidential records. *See* ECF No. 198, Aff. of Service § 2.ii.  The relevant portions of the Affidavit of Service reflecting service on the Plaintiff are attached to the Enforcement Motion as Exhibit 1.

4.      On November 22, 2022, the Debtors filed the *Emergency Motion for Entry of an Order (i) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; (iii) Dismissing Certain of the Debtors' Chapter 11 Cases; and (iv) Granting Related Relief* [ECF No. 534] (the "Sale Motion") seeking, among other things, approval of the sale of its Chicago-area hospital facilities.  The relevant portions of the Affidavit of Service reflecting service of notice of the Sale Motion on the Plaintiff are attached to the Enforcement Motion as Exhibit 2.

5.      Pursuant to the MIPA, medical malpractice claims arising prepetition were "Excluded Liabilities" from the Illinois Sale.  *See* Sale Motion ¶¶ 5, 20; MIPA at 5 n.6.  The

---

[7]      As a procedural matter, Resilience will be filing a motion to enforce the Confirmation Order based on the same grounds set forth herein shortly after the filing of this Opposition.

25067883 v4

Excluded Liabilities were to be "assumed by [Pipeline] following the Illinois Sale" and "include[d] prepetition medical malpractice claims."  Sale Motion ¶ 22.

6.  In conjunction with the MIPA and the proposed sale, Resilience and the relevant seller entity of the Debtors entered into that certain *Excluded Liability Assumption Agreement*, dated December 2, 2022 (the "Assumption Agreement"), which provides that:

> Seller Parties hereby agree to retain or assume, as applicable, the Excluded Liabilities in accordance with the terms and conditions set forth herein.  Buyer shall have no liability on account of the Excluded Liabilities and the Seller Parties will be fully responsible for all Excluded Liabilities.  Excluded Liabilities that do not constitute administrative expenses or priority unsecured claims under the Bankruptcy Code prior to Seller Parties' assumption of such Excluded Liabilities shall not constitute or be deemed to constitute administrative expenses or priority unsecured claims in respect of Seller Parties upon or after such assumption. **The Seller Parties shall use commercially reasonable efforts to address the Excluded Liabilities in any chapter 11 plan with respect to Seller Parties (if any) in a manner consistent with the terms and conditions of the MIPA.**

Assumption Agreement § 2 (emphasis added).  A true and correct copy of the Assumption Agreement is attached hereto as **Exhibit 1**.

7.  On November 11, 2022, the Court entered the Sale Order, which approved the Sale Motion and the sale of the Debtors' assets pursuant to the terms of the MIPA.

8.  On November 16, 2022, the Debtors filed the Plan, through their *Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Solicitation Version)* [ECF No. 500].

9.  Article VIII.D of the Plan enjoins the commencement or continuation of any action upon any claim released under the Plan against any Released Party (the "Third-Party Release") and provides, in relevant part:

> Effective as of the Effective Date, . . . to the fullest extent permissible under applicable Law, each **Releasing Party** . . . , in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively,

4

> absolutely, unconditionally, irrevocably, and forever released and discharged . . . **each other Released Party** from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, . . . or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.

Plan § VIII.D.

10.     In the Plan, "all Holders of Claims" against the Debtors are considered "Releasing Parties," except for any Holder that "(x) elects to opt out of the releases contained in Article VIII.D of the Plan; or (y) timely files with the Bankruptcy Court on the docket of the Chapter 11 Cases an objection to the releases contained in Article VIII.D of the Plan that is not resolved before Confirmation." Plan § I.A.137.

11.     The "Released Parties" include "each current and former Affiliate" of Pipeline, and "each Related Party" of same. Plan § I.A.136.

12.     A "Related Party," in turn, "means each of, and in each case in its capacity as such, current and former directors, managers, officers, . . . ***employees***, agents, . . . consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees."  Plan § I.A.135 (emphasis added).

13.     Accordingly, the Hospital, as a former Pipeline affiliate, is a Released Party, as is each employee of the Hospital, as a Related Party.

14.     The Debtors provided solicitation materials and notice to known creditors pursuant to the procedures approved by the Bankruptcy Court in its *Order Approving the Disclosure Statement, Solicitation, and Notice Procedures with Respect to the Second Amended Joint Chapter 11 Plan of Pipeline Health System, LLC and Its Debtor Affiliates and Setting Certain Hearing Dates*, dated November 16, 2022 [ECF No. 506].

15.     General unsecured creditors, including medical malpractice claimants, were impaired and not entitled to vote on the Plan.  As such, the Debtors provided current and former patients with the Notice of Non-Voting Status and Opt Out of Releases to Holders of Certain Impaired Claims or Interests (the "Impaired Notice").  The Impaired Notice provided claimholders with information relating to the Third-Party Release and the deadline to object to the Plan, and it included a form that non-voting creditors seeking to opt out of the Third-Party Release could complete and return.

16.     Upon information and belief, Plaintiff was provided with the Impaired Notice and did not timely opt out of the Third-Party Release or file an objection to the Plan.[8]

17.     Plaintiff, therefore, has consented to the Third-Party Release and is a "Releasing Party," whose claims against the Hospital Employees are barred pursuant to the injunction contained in the Plan at Article VIII.F.

18.     The deadline for the filing of proofs of claim against the Debtors in these Chapter 11 cases was December 1, 2022 (the "General Bar Date"). Plaintiff did not file a claim against any Debtor before the General Bar Date.

19.     On January 13, 2023, this Court entered the Confirmation Order, approving the Plan, including the Third-Party Release.

20.     On or about January 29, 2024, Plaintiff initiated the Lawsuit by filing a complaint in the Circuit Court of Cook County Illinois, asserting causes of action arising from actions alleged to have occurred on or about February 28, 2022, prior to the Petition Date.  A true and correct copy of the Lawsuit is attached to the Enforcement Motion as Exhibit 3.

---

[8]     Resilience has requested that the Debtors' balloting agent certify that Plaintiff was served with the relevant Plan documents and did not timely submit an Opt-Out Form.

6

21.     On May 15, 2024, counsel to Resilience requested voluntary dismissal of the claims against Resilience in the Lawsuit via letter to Movants, a copy of which is attached to the Enforcement Motion as Exhibit 4.

22.     On July 22, 2024, Resilience filed its Enforcement Motion, ECF No. 1540.

23.     In the Enforcement Motion, Resilience only sought enforcement of the Sale Order as to Plaintiff's claims against the Hospital.  Because of internal miscommunication, counsel to Resilience was not aware at that time that certain individual defendants named in the Lawsuit were employees of the Hospital (rather than professionals with privileges to provide services) and accordingly should have been included in the relief sought.

24.     The Court entered the Enforcement Order on August 28, 2024.

25.     On August 30, 2024, Movants filed *Plaintiff's Routine Motion to Voluntarily Dismiss Resilience Healthcare – Weiss Memorial Hospital, L.L.C. with Prejudice* in the Lawsuit.

26.     On September 3, 2024, the State Court entered the *Routine Order to Voluntarily Dismiss*, granting dismissal of the Hospital from the Lawsuit and directing amendment of the caption.

27.     On September 11, 2024, counsel to Resilience met with Movants' bankruptcy counsel and advised him of Resilience's position that Movants remained in contempt because the Plaintiff's active claims against the Hospital Employees in the Lawsuit continued to violate the Bankruptcy Court's orders.

28.     On October 1, 2024, Movants filed the Motion to Vacate, on the basis of the dismissal of Resilience from the Lawsuit.

29.     On October 21, 2024, Resilience sent a letter (attached hereto without exhibits, as **Exhibit 2**) to Movants requesting dismissal of the Hospital Employees from the Lawsuit.

25067883 v4

**Basis for Relief**

30.      The Court has authority pursuant to section 105 of the Bankruptcy Code to "enter any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

31.      Pursuant to this equitable authority, "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997); *see also In re Veg Liquidation, Inc.*, 931 F.3d 730, 737 (8th Cir. 2019) (finding that a trustee's challenge to the validity of a sale order pursuant to § 363 was barred as an impermissible collateral attack), *cert. denied*, ⸺ U.S. ⸺, 140 S. Ct. 904 (2020); *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (citing *Terrebonne Fuel*, 108 F.3d at 612) (finding that civil contempt is a "core" bankruptcy proceeding "meant to coerce the contemnor into compliance or provide a remedy for the party injured by noncompliance").

32.      Movants properly recognize that Resilience did not assume liability for Excluded Claims under the Sale Order.  As contemplated in the MIPA and the Assumption Agreement, the Excluded Claims were discharged through the Plan.  As such, by maintaining claims against the Hospital Employees, Movants are violating the Confirmation Order.

33.      In light of the foregoing, Resilience respectfully requests that the Court require the Movants to dismiss the Hospital Employees from the Lawsuit with prejudice as a condition to vacating any contempt findings against Movants.

25067883 v4

Dated: October 22, 2024

Respectfully Submitted:

**BENESCH, FRIEDLANDER COPLAN & ARONOFF LLP**

By: _/s/ Loren M. Scolaro_

Sven T. Nylen (IL ARDC No. 6278148)
Loren M. Scolaro (IL ARDC No. 6333328)
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
T: (312) 212-4949
E: snylen@beneschlaw.com
    lscolaro@beneschlaw.com

_Counsel to Resilience_

9

25067883 v4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 22, 2024, a true and correct copy of the foregoing has been served on all parties entitled to service via this Court's Case Management/Electronic Case Filing System ("<u>CM/ECF</u>").

/s/ *Loren M. Scolaro*
Loren M. Scolaro

25067883 v4