# EXHIBIT 13

# Affidavit of Solicitation Materials (Nov. 29, 2023) [ECF No. 578]

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | ) | Case No. 22-90291 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## AFFIDAVIT OF SERVICE OF SOLICITATION MATERIALS

| STATE OF NEW YORK | ) | |
|---|---|---|
| | ) | ss.: |
| COUNTY OF WESTCHESTER | ) | |

Stephenie Kjontvedt, being duly sworn, deposes and says, under the penalty of perjury:

1. I am a Vice President, Senior Consultant at Epiq Corporate Restructuring, LLC ("Epiq"), located at 777 Third Avenue, 12th Floor, New York, New York 10017. I am authorized to submit this affidavit on Epiq's behalf. I am over the age of eighteen years and am not a party to the above-captioned action. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. Epiq conducted service of the following materials:

   a. Order (I) Approving the adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Second Amended Joint Plan of Reorganization, (III) Approving the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto, excluding Exhibits (the "**Disclosure Statement Order**") [Docket No. 506];

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

b.  Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and its Debtor Affiliates (the "**Disclosure Statement),** a copy of which is attached hereto as **Exhibit 1**;

c.  Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and its Debtor Affiliates (Solicitation Version) (the "**Plan**"), a copy of which is attached hereto as **Exhibit 2**;

d.  Letter to All Holders of Claims Entitled to Vote On the Plan (the "**Cover Letter**"), a copy of which is attached hereto as **Exhibit 3**;

e.  Solicitation and Voting Procedures (the "**Voting Procedures**"), a copy of which is attached hereto as **Exhibit 4**;

f.  Notice of Hearing to Consider Confirmation of the Second Amended Joint Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines (the "**Confirmation Hearing Notice**"), a copy of which is attached hereto as **Exhibit 5**;

g.  Class 3 – ABL Claims Ballot for Accepting or Rejecting the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (the "**Class 3 Ballot**") a copy of which is attached hereto as **Exhibit 6;**

h.  Class 4 – Term Loan Claims Ballot for Accepting or Rejecting the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (the "**Class 4 Ballot**") a copy of which is attached hereto as **Exhibit 7;**

i.  Class 5 – MPT Recharacterization Claims Ballot for Accepting or Rejecting the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (the "**Class 5 Ballot**") a copy of which is attached hereto as **Exhibit 8;**

j.  Notice of Non-Voting Status and Opt Out of Releases to Holders of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan (the "**Unimpaired Notice**") a copy of which is attached hereto as **Exhibit 9;**

k.  Notice of Non-Voting Status and Opt Out of Releases to Holders of Certain Impaired Claims or Interests (the "**Impaired Notice**") a copy of which is attached hereto as **Exhibit 10;** and

l.  a pre-addressed, postage paid return envelope a copy of which is not attached hereto (the "**Return Envelope**").

2

3. Unless otherwise noted below, true and correct copies of the above documents were served on November 18, 2022 by first class mail, as follows:

a. the Cover Letter, Disclosure Statement Order, Disclosure Statement, Plan, Voting Procedures, Confirmation Hearing Notice, and Class 3 Ballot were served via email to the holder of the Class 3 – ABL Claims listed on **Exhibit 11** hereto;

b. the Cover Letter, Disclosure Statement Order, Disclosure Statement, Plan, Voting Procedures, Confirmation Hearing Notice, and Class 4 Ballot were served via email on the holders of the Class 4 – Term Loan Claims listed on **Exhibit 12** hereto;

c. the Cover Letter, Disclosure Statement Order, Disclosure Statement, Plan, Voting Procedures, Confirmation Hearing Notice, and Class 5 Ballot were served via email on the holders of the Class 5 – MPT Recharacterization Claims listed on **Exhibit 13** hereto;

d. the Confirmation Hearing Notice and Unimpaired Notice were served on the parties listed on **Exhibit 14** and **Exhibit 15** hereto;

e. the Confirmation Hearing Notice and Impaired Notice were served on the parties listed on **Exhibit 16** and **Exhibit 17** hereto;

f. the Confirmation Hearing Notice was served on the parties listed on **Exhibit 18** and **Exhibit 19** hereto; and

g. the Disclosure Statement Order, Disclosure Statement, Plan, and Confirmation Hearing Notice were served on the 2002/Master Service List parties listed on **Exhibit 20** and via email to the parties listed on **Exhibit 21** hereto.

[*Remainder of page intentionally left blank*]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/ *Stephenie Kjontvedt*
Stephenie Kjontvedt
Vice President, Senior Consultant
Epiq Corporate Restructuring, LLC

SUBSCRIBED AND SWORN TO BEFORE ME

This 29th day of November 2022.

*/s/ John Chau*
Notary Public, State of New York
No. 01CH6353383
Qualified in Queens County
Commission Expires January 23, 2025

# **Exhibit 5**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PIPELINE HEALTH SYSTEM, LLC, *et al.*,[1] | ) | Case No. 22-90291 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE SECOND AMENDED JOINT
CHAPTER 11 PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

      **PLEASE TAKE NOTICE THAT** on November 16, 2022, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Solicitation Version)* (as modified or supplemented from time to time, the "Plan");[2] (b) approving the related disclosure statement for the Plan (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) and approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 19, 2022, at 9:00 a.m.**, prevailing Central Time, before the Honorable Marvin Isgur, in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 404, Houston, Texas 77002.

---

**PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

**CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

      **Voting Record Date**. The voting record date is **November 1, 2022**, which is the date for determining which holders of Claims in Classes 3, 4 and 5, as applicable, are entitled to vote on the Plan.

      **Voting Deadline**. The deadline for voting on the Plan is on **December 9, 2022, at 5:00 p.m.,** prevailing Central Time (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to the voting instructions so that it is *actually received* by Epiq Corporate Restructuring, LLC (the "Notice and Claims Agent") on or before the Voting Deadline. *A failure to follow such instructions may disqualify your vote*.

**CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

[1]     A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

[2]     Capitalized terms used but not defined herein have the same meaning as set forth in the Plan.

**Plan Objection Deadline**. The deadline for filing objections to the Plan is **December 9, 2022, at 5:00 p.m.,** prevailing Central Time (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court on or before the Plan Objection Deadline.

Article IX.D of the Plan provides for the following third-party release by the Releasing Parties (the "Third-Party Release"):

**Effective as of the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the expeditious reorganization of the Debtors and implementation of the restructuring contemplated by the Plan, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, to the fullest extent permissible under applicable Law, each Releasing Party (other than the Debtors or the Reorganized Debtors), in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Claim, Cause of Action, directly or derivatively, by, through, for, or because of a Releasing Party, is deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged each Debtor, Reorganized Debtor, and each other Released Party from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors, their Estates or their Affiliates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to (including the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable), or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the decision to file the Chapter 11 Cases, any intercompany transactions, the Chapter 11 Cases, the Plan (including the Plan Supplement), the Disclosure Statement, the DIP Facility, the DIP Documents, the Exit Facility, the Exit Facility Credit Agreement and the other Exit Facility Documents, the New Money Exit Facility, the New Money Exit Facility Credit Agreement and the other New Money Exit Facility Documents, the Takeback Facility (if applicable), the Takeback Facility Documents (if applicable), the ABL Credit Agreement, the Term Loan Credit Agreement, the pursuit of Confirmation and Consummation, the pursuit of Asset Sales, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, but not, for the avoidance of doubt, any legal opinion effective as of the Effective Date requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan, or upon any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising on or after the Effective Date of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan as set forth in the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release.**

Definitions Related to the Third-Party Release:

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE ABL AGENT AND EACH ABL LENDER; (D) EACH TERM LOAN LENDER; (E) THE DIP AGENT AND EACH DIP LENDER; (F) THE COMMITTEE AND EACH MEMBER OF THE COMMITTEE; (G) ALL HOLDERS OF INTERESTS; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (I); *PROVIDED* THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR

Case 22-90291 Document 576 Filed in TXSB on 12/09/22 Page 206 of 575
Pipeline Health System, LLC, *et al.*
Confirmation Hearing Notice

(Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE ABL AGENT AND EACH ABL LENDER; (D) EACH TERM LOAN LENDER; (E) THE DIP AGENT AND EACH DIP LENDER; (F) ALL HOLDERS OF CLAIMS; (G) ALL HOLDERS OF INTERESTS; (H) THE COMMITTEE AND EACH MEMBER OF THE COMMITTEE; (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J); AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (J); PROVIDED THAT, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF SUCH ENTITY: (X) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN; OR (Y) TIMELY FILES WITH THE BANKRUPTCY COURT ON THE DOCKET OF THE CHAPTER 11 CASES AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE IX.D OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION.

THE PLAN INCLUDES TERMS RELATING TO DEBTOR RELEASES, EXCULPATION, AND AN INJUNCTION. PLEASE SEE ARTICLE IX OF THE PLAN FOR MORE DETAIL.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials, please feel free to contact the Debtors' Notice and Claims Agent, by: (a) writing to Pipeline Health System, LLC Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, OR 97005; (b) emailing PipelineHealthInfo@epiqglobal.com; or (c) calling the Debtors' restructuring hotline at (800) 764-6401 (US toll free) or (503) 520-4447 (international). You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.txs.uscourts.gov. Copies of certain orders, notices, and pleadings, as well as other information regarding these chapter 11 cases, are also available for inspection free of charge online at https://dm.epiq11.com/PipelineHealth. Please contact the Debtors' Notice and Claims Agent to request paper copies of case materials.

Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) by no later than December 2, 2022, at 5:00 p.m., prevailing Central Time, and will serve notice on all holders of Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---