# EXHIBIT 16

**Letter from Julie Loftus to Matthew Ports and Alexander Marsh (exhibits omitted) (May 15, 2024) [ECF No. 1450-4]**



Julie M. Loftus
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Direct Dial:  312.624.6341
Fax:  312.767.9192
jloftus@beneschlaw.com

May 15, 2024

**Via Email & FedEx**
Matthew D. Ports
Alexander J. Marsh
Pfaff, Gill & Ports, Ltd.
1 East Wacker Drive, Suite 3310
Chicago, Illinois 60601
mports@pgptrials.com
amarsh@pgptrials.com

Re:     *Virruso v. Wolin, et al.*, No. 2024-L-001060 (Cook County, Illinois)

Dear Mr. Ports and Mr. Marsh:

As you know, our office filed an appearance on behalf of Defendant Myung Hee Lee and Respondents-in-Discovery Matalia Kontul, PA-C and Rodelyn Carreon in the above-referenced action pending in Cook County, Illinois.  As discussed, medical malpractice defense counsel will soon be substituting in for these individuals.

Our office also represents Defendant Resilience Healthcare – Weiss Memorial Hospital, LLC (the "Hospital"). For the reasons set forth below, Plaintiff's claims against the Hospital are barred and should be dismissed.

On October 2, 2022, Pipeline Health Systems, LLC and its subsidiaries (collectively, "Pipeline") filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). From the beginning of the case, Pipeline made clear its intent to sell its Chicago-area hospital facilities, including the Hospital. On or about October 13, 2022, Plaintiff was served with Notice of Pipeline's Chapter 11 Bankruptcy. *See* **Exhibit 1** (redacted relevant excerpts of Affidavit of Service).[1]

Accordingly, on November 22, 2022, Pipeline filed a motion with the Bankruptcy Court, seeking, among other things, approval of the sale of its Chicago-area hospital facilities clear free of certain liens and claims (the "Motion"), a copy of which (without exhibits) is attached hereto as **Exhibit 2**. As set forth therein, the Motion proposed a sale of the membership interests in the Hospitla (the "Illinois Sale") to AUM Global Healthcare Management, LLC d/b/a Resilience Healthcare ("Resilience") pursuant to a Membership Interest Purchase Agreement (the "MIPA").

---

[1]     Due to confidentiality concerns, patient service lists were not included in Affidavits of Service filed in the bankruptcy case.  Resilience obtained the full unredacted version of the relevant Affidavits of Service referred to herein in connection with its acquisition of the Hospital.

24416660 v2

Matthew D. Ports
Alexander J. Marsh
May 15, 2024
Page 2

On or about November 23, 2022, Plaintiff was served with the Notice of Filing of Debtors' Emergency Motion to Sell the Illinois Facilities. *See* **Exhibit 3** (redacted relevant excerpts of Affidavit of Service).

Paragraph 5 of the Motion provides that medical malpractice claims arising pre-petition (i.e., for alleged injuries that occurred pre-bankruptcy) are "Excluded Liabilities" pursuant to the Illinois Sale. (As alleged in the operative Complaint, Plaintiff's alleged injuries occurred in February 2022, prior to the Bankruptcy Court filing and order.) This is reiterated again on Paragraph 22 of the Motion, which provides that certain Excluded Liabilities (as defined in the MIPA) "will be assumed by [Pipeline] following the Illinois Sale. Such Excluded Liabilities include prepetition medical malpractice claims …". The Motion also includes a chart summarizing the terms of the MIPA, noting (at page 20) that prepetition medical malpractice claims are Excluded Liabilities. On November 30, 2022, the Bankruptcy Court granted the Motion and entered an order approving the Illinois Sale, a copy of which is attached hereto as **Exhibit 4**.

Pursuant to the MIPA, Excluded Liabilities are defined as Excluded Claims, which are "any known or unknown professional liability claims arising from incidents that occurred prior to the Petition Date entitled to coverage (subject to any deductibles or retention) under any of the Seller Parties' professional liability insurance policies set forth on Schedule 3.16 to the MIPA, including without limitation those professional liability claims set forth in Schedule 3.12 thereto, which shall be assumed by the Seller Parties (other than the OpCos) and otherwise addressed as contemplated in the MIPA." *See* **Exhibit 2**, page 5, fn 6.

Based on our review of Pipeline's insurance policies as set forth on Schedule 3.16 to the MIPA, Plaintiff's medical malpractice claims against the Hospital were entitled to coverage under Pipeline's Excess Health Care Provider's Liability Insurance, Policy No. B0595XR7094022. As such, any liability was assumed by Pipeline and discharged through its Chapter 11 plan of reorganization.

Accordingly, the Hospital respectfully requests that Plaintiff voluntarily dismiss the claims against the Hospital. Otherwise, the Hospital reserves the right to seek relief from the Bankruptcy Court under the Sale Order.

Please do not hesitate to contact me if you have any questions or wish to discuss further.

Very truly yours,

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP

Julie M. Loftus

JML