```
                    UNITED STATES BANKRUPTCY COURT
                  SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                      .
IN RE:                                .  Case No. 22-90291
                                      .  Chapter 11
PIPELINE HEALTH SYSTEM, LLC,          .
et al.,                               .  515 Rusk Street
                                      .  Houston, TX 77002
                 Debtors.             .
                                      .  Wed., February 19, 2025
. . . . . . . . . . . . . . . . . .   .  10:00 a.m.
```

```
          TRANSCRIPT OF REORGANIZED DEBTORS' MOTION TO ENFORCE
                          CONFIRMATION ORDER
                BEFORE THE HONORABLE MARVIN ISGUR
                UNITED STATES BANKRUPTCY COURT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Debtors: | Jackson Walker LLP<br>By:  VICTORIA N. ARGEROPLOS, ESQ.<br>1401 McKinney Street, Suite 1900<br>Houston, TX 77010<br>(713) 752-4334 |
| For Joseph Virruso: | Gill Ports, Ltd.<br>By:  MATTHEW DOUGLAS PORTS, ESQ.<br>One East Wacker, Suite 3310<br>Chicago, IL 60601<br>(312) 828-9666 |
| For AUM Global Healthcare Management, LLC and Ramco Healthcare Holdings, LLC: | Benesch Friedlander Coplan & Aronoff<br>By:  LOREN SCOLARO, ESQ.<br>71 South Wacker Drive, Suite 1600<br>Chicago, IL 60606<br>(872) 302-6465 |
| Audio Operator: | Garrett Cole, ECR |
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46048<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Proceedings commence at 10:00 a.m.)

THE COURT:  Good morning.  All right, we are here in the Pipeline Health Systems case.  It is 22-90291.  Let's go ahead and take appearances if we could, please.

MS. ARGEROPLOS:  Victoria (audio interference).

THE COURT:  Ms. Argeroplos, good morning.

MS. ARGEROPLOS:  Thank you, Judge.  Good morning.  Victoria Argeroplos on behalf of the reorganized debtors.

THE COURT:  Thank you.

Mister --

MR. PORTS:  Good morning, Judge.  Matthew Ports for (audio interference).

THE COURT:  Good morning.

MS. SCOLARO:  Good morning, Judge.  This is Loren Scolaro on behalf of Resilience.

THE COURT:  Good morning.

All right.  Tell me how y'all want to proceed today.

MR. PORTS:  Judge, this is -- my party, Mr. Virruso, is the one that's seeking relief.  I don't have much to add to the brief, my brief in this matter.  I don't know if you'd like to hear anything further.  I don't have much to add.  I do have a little if you'd like to hear it, but otherwise I'm happy to hear the Court's thoughts on (indiscernible).

THE COURT:  Well, let me tell you what I would like to hear about because I don't -- I believe that the law says

that to meet due process requirements, you have to serve at the last known address. And I think it's undisputed that they did serve at the last known address. I think your argument is he didn't get it because he had moved. And my question is, is do you -- is there any case law out there that says that if you serve at the last known address, but someone has moved, so that they're no longer at that address, that that does not meet the due process requirement of the Constitution?

MR. PORTS: I don't know any, Judge, beyond anything that I've said in the brief. So I just -- again, I did not see anything in the bankruptcy world that said that. I'm foreign to this court and this process, but I understand and I certainly acknowledge my evidentiary rules are much different in the courts I deal with. So I understand that they may have checked certain boxes and what they need to do for a certain -- to be considered having gone through the notice process. I know from my standpoint of due process, he did not receive it.

And this is a situation, as the Court knows, he didn't even know he was and may have been harmed by medical malpractice until after this whole door had closed. So we're in a very unenviable position of simply coming to court and asking for any potential relief that may be out there for him to potentially opt out of the third-party relief.

THE COURT: Yeah, I just don't think he can. I mean, I do think there's standard established by the Supreme Court

4

and in the cases that you cite, the first question is, was due process notice given?  And if due process notice was given, the parties are bound by the final order of the court.  And I am not going to give any relief from that.  I don't think that there is a basis on which I can.  There is simply no argument that will sustain your client proceeding.

So I will rule against your client.  I'm going to rule for the debtor on that basis.  I appreciate the quality of the briefing, and frankly I appreciate your candor with me today, Mr. Ports.  But I just think your client loses the battle, and you've done all you could for him.  I'll issue a final order to that effect.  You have 14 days to appeal the order.

MR. PORTS:  Okay.  Judge, so I understand, and I'm going to see what Your Honor is going to rule, but so I understand going forward, is it going to be the requirement -- or do I need to dismiss the individuals from my claim in Illinois to comply with your upcoming order?

THE COURT:  You do.

MR. PORTS:  Okay.  I appreciate the insight.  Thank you.

THE COURT:  All right.  Is there anything else that you wanted to try and accomplish, either you or -- Ms. Scolaro or Ms. Argeroplos today?

MS. SCOLARO:  Yes, Judge.  I would like to

respectfully request that the Court's order include a finding that the hospital employees during the time of the incident in question were acting in their professional capacity?

THE COURT:  I'm sorry, that they what?

MS. SCOLARO:  Were acting in their professional capacity.

THE COURT:  I'm actually just missing the words. Maybe you can get closer to your phone.

MS. SCOLARO:  Were acting in their professional capacity.

THE COURT:  I -- no, I'm not going to make findings on a matter that has been resolved by barring the lawsuit.  And I'm only going to live with the plan.  I'm not going to change the plan either to protect somebody or to injure them.  The plan says you can't sue them, and I'm not going to go farther than that.

MS. SCOLARO:  I understand, Judge.  I only ask because Mr. Ports's opposition suggested that the employees could be sued in their personal capacities for this incident, and it is Resilience's position that they -- there's no reasonable argument that they could have been acting in their personal capacity during the time of the incident.

THE COURT:  Yeah, but that's different than me making a finding about that.  I am -- as I said to Mr. Ports, he may not continue to sue those people.

6

MS. SCOLARO:  Okay.

THE COURT:  But I'm not making a factual finding as to the capacity in which they were acting.  I think that is beyond the scope of what is before me, and I'm actually not thinking about what's going to happen in the state court.  I want to be sure that when this gets appealed, it's clear what I'm doing.  I am ruling on the face of the plan.  it bars these lawsuits.  He's bound by the plan, and I should not get down into the merits.  If it turns out that I get reversed on appeal, for example -- and frankly, Mr. Ports, I'm not encouraging you to appeal this.  I don't think that it's worth your money, but you have every right to appeal.  If he does appeal and if I do get reversed -- I think those are unlikely events -- I don't then want a finding that I've made without an evidentiary hearing as to what occurred.  I just think that's not appropriate.

MS. SCOLARO:  Thank you, Judge.  I understand.

THE COURT:  Thank you.

All right.  We'll get an order out.  Thank you all. We're in recess until 1:30 today.

MS. ARGEROPLOS:  Thank you, Judge.

THE COURT:  Thank you.

MR. PORTS:  Thanks, Judge.

THE COURT:  Thank you.

(Proceedings concluded at 10:07 a.m.)

# C E R T I F I C A T I O N

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428      DATE: February 21, 2025

ACCESS TRANSCRIPTS, LLC